White, J.
The defendants are the proprietors of a saloon at ¡No. 492 Michigan street, in this city, licensed to sell ale, beer and liquors at retail. By the ordinance in question it is, among other things, provided that no person shall carry on a place operated under a license for the sale of ale, beer, and liquors at retail in which concerts or entertainments consisting of singing and music only are allowed, until they shall have paid to the city the sum of $50 a year as a fee for the privilege of giving such concerts or entertainments. The defendants have a sitting-room which adjoins their bar-room, and in this sitting room there is a piano. The offense charged against the defendants is that on a certain evening in August last, between 9 and 10 o’clock, the defendant Decker played a tune upon that piano, and that two ladies and one gentleman sat with the defendants in the sitting room and listened to the music. The dismissal of the complaint by the municipal court was right, for two reasons: First. It was incumbent upon the city to prove that the concerts or entertainments in theirsaloon, assuming that the performance of Decker constituted a concert or entertainment, within the meaning of the ordinance, before it could ask for a conviction at the hands of the court, and no evidence tending to prove that fact was offered. ¡No presumption existed in favor of the city that the fee had not been paid, or that the defendants were violating a penal statute or ordinance. The burden of proving that the defendants had been guilty of a wrongful act was on the city. Blutz v. Rohrbach, 116 N. Y. 450; 27 St. Rep. 484. Second. The performance by the defendant Decker was not a concert or entertainment, within the meaning of the ordinance. The two words “ concert ” and “ entertainment,” as used in the ordinance, are, as we think, intended to describe the same thing, namely, a public performance of music in which several singers or instrumentalists or both participate; or at any rate a public performance of music, intended to secure patrons for the saloon. A song, or performance upon a musical instrument by the proprietor of a saloon, not intended to draw or secure an audience from the public, is not a violation of any law ; nor can it be said that the peace and good order of society requires the suppression of the musical instinct in the particular class of individuals who may be engaged in the business of selling ale, beer, and liquors at retail. For aught that appears from the record in this case, the musical performance complained of by the city may have been private and devotional, and intended only for the immediate families of the defendants.
The judgment appealed from should be affirmed, with costs.
All concur